UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

GARCIA BROTHERS SEAFOOD INC,
d/b/a La Camaronera,
and ELAL CORPORATION.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Garcia Brothers Seafood, Inc., d/b/a La Camaronera and Elal Corportation, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7. Defendant, Garcia Brothers Seafood, Inc, a Florida for-profit Corporation, which upon information and belief is the owner and operator of "La Camaronera" restaurant located within this district at, 1952 W Flagler Street, Miami, FL 33135, the subject to this action, and referred hereto as "Garcia Brothers Seafood" or "Operator".

8. Defendant, Elal Corporation, a Florida for-profit Corporation, which upon information and belief owns and operates the commercial real property identified as Folio: 01-4103-014-3490, with post address of 1948 W Flagler Street, Miami, FL 33135, the subject property to this action, and referred hereto as "Elal Corporation" or "Owner,".

## FACTS

9. Defendant, "Garcia Brothers Seafood", is the owner and operator of the "La Camaronera", located at 1952 W Flagler Street, Miami, FL 33135, and open to the general public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of

the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

10. At all times material hereto, Defendant, "Elal Corporation", has leased its commercial property to Defendant, "Garcia Brothers Seafood", who in turn has operated (and continues to operate) its restaurant within that leased space.

11. As the owner/operator of a restaurant open to the public, Defendant, "Garcia Brothers Seafood", is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

12. Plaintiff personally visited "La Camaronera", on September 19, 2024, and October 16, 2024, to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

13. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, "Garcia Brothers Seafood", and by the owner of the commercial property, Defendant, "Elal Corporation", which house "La Camaronera".

14. As the owner and operator of a restaurant. Defendant, "Garcia Brothers Seafood", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owner of commercial property which built out and utilized as restaurant an establishment that provides goods/services to the general public, Defendant, "Elal Corporation", is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

16. As the owners of commercial property, which is built as public accommodation, Defendant, "Elal Corporation" is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize and/or test the restaurant operated by "Garcia Brothers Seafood" and located at the commercial property owned by "Elal Corporation", but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21.  The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22.  Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
42 U.S.C. §12101(b)(1)(2) and (4).

23.  Prior to the filing of this lawsuit, Plaintiff personally visited "La Camaronera" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

24.  Defendant, "Garcia Brothers Seafood" and Defendant, "Elal Corporation", have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.*, by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at "La Camaronera".

26. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. Defendant, "Elal Corporation", owner of the commercial property, which houses Defendant, "Garcia Brothers Seafood", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendant, "Garcia Brothers Seafood" (operator) and Defendant, "Elal Corporation" (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty to travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards (by Suite 100), whose resolution is readily achievable.

iii. The plaintiff had difficulty to travel to the building from the public sidewalk as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards (by Suite 100), whose resolution is readily achievable.

iv. The plaintiff had difficulty to travel to the restaurant from the accessible parking space as there is an ice storage machine encroaching the route. Violation: ice storage machine is encroaching the required passage width from the accessible parking spaces toward the main entrance, violating Section 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Main Entrance**

v. The plaintiff had difficulty using the main door without assistance, as the main door has a change in level. Violation: Doorway has a vertical change of level at door threshold, violating Sections 4.13.8 of the ADAAG and Sections 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services**

vi. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Men's Restroom**

viii. There are permanently designated interior spaces without proper signage, as the signage is missing, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the push side of the door. Violation: Trash bin is encroaching the required maneuvering clearance on the push side of the door. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not provide the required length. Violation: The rear wall grab bars is 24" long violating Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not provide the required length. Violation: The side wall grab bars is 36" long violating Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the lavatory is encroaching. Violation: Lavatory is mounted at 35" from the water closet side wall not providing the required clear floor space. Section 4.16.2 Figure 28 of the ADAAG, whose resolution is readily achievable.

xv. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xviii. The plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards.

Gonzalez v. Garcia Brothers Seafood
Complaint for Injunctive Relive

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Garcia Brothers Seafood, Inc., d/b/a La Camaronera (lessee of the commercial property and operator of the La Camaronera Restaurant located therein), and Elal Corportation, (owner of the commercial property) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this October 18, 2024.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*